## J. Beekman Fish and another *v.* Charles Wood.

Where the finding of a referee in detail, upon the specific facts of a case is not produced to the court, and there is some evidence in support of the general result attained by him; his report must be taken as conclusive, in the absence of any warrant for presuming undue bias or mistake.

And where, for want of such details, the court cannot discover whether any rule of law has been violated, a judgment entered upon the report must be affirmed on appeal.

A principal is liable for goods purchased by an agent under his authority, whether in his own name or that of the agent, unless the sale was upon the exclusive credit of the agent.

Where the goods purchased by the agent in his own name, even without express authority—if not upon such exclusive credit—have come to the use of the principal, the vendor, on discovering the principal, may require payment from him.

Where an agent buys in his own name, without disclosing his principal, but for the benefit of the latter, though within the authority of the agent, and the principal, without any notice of the purchase or of the claim of the vendor, pays his agent for the goods; he cannot be made liable, afterwards, to the vendor.

THE plaintiffs sued upon a bill for lumber, alleged to have been sold and delivered by them to the defendant. The cause having been referred, the referee made a general report against the plaintiffs, who prosecuted the case to the general term. The facts, so far as they can be deduced from a mass of conflicting testimony, are very fully reviewed in the opinion.

*Kenneth G. White* and *Ralph Lockwood*, for the defendant, cited 2 Kent's Com. 681; Dunlap's Paley on Agency, pp. 247–51; *Thompson* v. *Davenport*, 8 Barn. & Cress. 87; *Nelson* v. *Powell*, 3 Doug. 410; *Porter* v. *Talcot*, 1 Cow. 359; *Beehet* v. *Robert*, 12 Wend. 413; *Pentz* v. *Stanton*, 10 id. 261; *Raymond* v. *Crown and Eagle Mills*, 2 Metcalf, 324; *Rathbone* v. *Tucker*, 15 Wend. 498; *Frisbee* v. *Larned*, 21 id. 252; *Kirkpatrick* v. *Stainer*, 22 Wend. 244.

*Felix Hart*, for the plaintiffs.

By THE COURT. WOODRUFF, J.—This appeal from a judgment rendered upon the report of a referee, comes before us as a motion to set aside his report, as against evidence or without evidence to support it. Although the paper submitted to us is called a bill of exceptions, yet no exception to the ruling or decision of the referee upon the facts found by him appears therein; and on the argument of the appeal it was not claimed, by the counsel for the appellant, that the referee committed any error in the admission or rejection of evidence on the trial.

The action is for goods alleged to have been sold and delivered by the plaintiffs to the defendant. The answer denies such sale and delivery, and the referee has found, as matter of fact, " that the plaintiffs did not sell and deliver to the said defendant the goods and chattels mentioned and described in the complaint, or any part of the same."

The appellant, however, insists that the evidence was clear to all the facts necessary in law to a sale by the plaintiffs to the defendant, and the liability of the latter to pay therefor became a legal inference; and that the referee must have violated some rule of law regarding the rights and obligations of vendor and purchaser, or rather concerning the liability of the defendant for the person claimed by the plaintiffs to be his agent, otherwise the referee could not have found as he did.

It is to be regretted that the appellant had not procured an amended report containing a finding of the specific facts upon which he now relies as constituting a sale and delivery by the plaintiffs to the defendant. Indeed, I am not satisfied that we can, with any propriety, examine this report in detail, if there is conflict or contradiction in any particular. If we assume the fact to be as found, viz., that there was no sale and delivery of goods by the plaintiffs to the defendant, then, of course, there can be no pretence that the report in favor of the defendant was not correct.

But without any such finding of the facts in detail the appellant argues—

That one Franklin, who erected a house for the defendant, was his agent, and not a contractor, acting in all that he did upon his own responsibility. That Franklin purchased from the defendant the goods in question, and used them towards the construction of that house.

That although Franklin bought the goods in his own name, and without disclosing his principal, yet that the circumstances are not such as to indicate a sale upon the exclusive credit of Franklin, in such wise as to prevent recovery to the defendant, upon their discovering that Franklin was his agent, and that the goods sold and delivered by the plaintiffs to Franklin are thus shown to have come to the use of the defendant, and that he has not paid for them to any one, wherefore he insists that the plaintiffs did, in judgment of law upon these facts, sell and deliver the goods to the defendant.

On the other hand, the respondent's counsel insists that it appeared that the sale was made by the plaintiffs upon the sole and exclusive responsibility of Franklin, and that the defendant, without any notice of the purchase, or of the plaintiffs' claim, had paid Franklin the full value of all the work and materials which were used in the defendant's house, and, therefore, even if the relation of principal and agent existed between the defendant and Franklin, the account being settled, the plaintiffs, who sold the goods to Wood, not upon the defendant's credit, cannot now have recourse to Wood, and so alter the state of the account.

Obviously this exhibition of the claims of the parties shows that we are not, by the general finding of the referee in favor of the defendant, informed of his conclusions upon these facts in detail, upon which the arguments now addressed to us depend.

There is no controversy about the general rules of law applicable to the subject, viz., that the principal is liable for goods purchased by his agent by his authority; that he is liable, whether the goods are purchased in his own name or that of his agent, unless the sale was upon the exclusive credit of the agent; that where the goods purchased by the

agent in his own name, even without express authority, (if not upon such exclusive credit,) have come to the use of the principal, the vendor, on discovering the principal, may require payment from him ; and that where an agent buys in his own name, without disclosing his principal, but for his benefit, though within the authority of the agent, and the principal, without any notice of the purchase or the claim of the vendor, pays his agent for the goods, he cannot be made liable afterwards to the vendor.

If, therefore, there is any conflict of evidence, or serious doubt in relation to the facts to which these principles are to be applied, we must regard the finding of the referee as conclusive. For with a finding of a referee upon the evidence, if doubtful or conflicting, we do not interfere upon appeal, although we may think our conclusions upon the evidence would have been different, as times, almost without number, we have heretofore decided ; and if his precise finding upon those facts is not before us, we cannot say that he has erred in any rule of law.

The referee may, upon the evidence, have concluded that the defendant never authorized the builder, Franklin, to procure materials upon his credit from any one. The evidence is not very conclusive upon this point. The testimony of Franklin himself does not necessarily show such authority. He says of the defendant; "he told me to furnish the materials, and he was to supply me with money to pay for them." Obviously, if that was the whole of Franklin's authority, and the defendant did supply Franklin with money to pay for all the materials which the latter supplied for the house, the defendant would not thereby be rendered liable to pay to those from whom Franklin made the purchases. The wife of Franklin testifies to his arrangement with the defendant, and states it to have been, " that he wished my husband to put up the house for him, and that he (Mr. Wood) would find money for it, as he (i. e., Franklin) wanted it." This indicates, in no slight degree, that Franklin was to act upon his own responsibility in all that he did in the matter, and look to the de-

fendant as a contracting party for payment. Indeed, the scope of most of the evidence regarding the arrangements between the defendant and Franklin tends to the conclusion, that the defendant was to pay Franklin, and not that Franklin was to use the credit of the defendant in making his purchases. And Franklin appears to have acted upon that view, and did so in the very case under consideration.

The plaintiffs were aware that Franklin was building a house for some one, and yet, without seeking even to know the owner, still less to avail themselves of his responsibility, they sold the goods to Franklin upon his credit, and ultimately so declare in the papers by which they attempted to secure a lien for his indebtedness upon the building itself.

Other parts of the evidence would indicate that the authority of Franklin was more general, and tended very much to prove that the defendant at least contemplated paying the bills for such purchases as Franklin made for the house; and there is proof that he did pay some of the bills, but I do not gather from the evidence whether he paid those bills to the vendors of the materials or to Franklin, in accordance with his promise to him. The evidence would, I think, incline me to adopt the latter conclusion.

There was also some evidence tending to the conclusion that in the original arrangement Franklin stipulated to erect the buildings at the price of $1,200, and yet it appeared that the defendant had paid him more than that sum. This circumstance might be viewed as confirming the idea that Franklin was a contractor with the defendant to erect the building, rather than his agent, clothed with any authority to involve the defendant in liability to third persons. It is true that other evidence denies that there was any such stipulation, and I think the balance of the evidence, as it now appears on paper, is against that idea, but we cannot say that there is not some evidence to support either view of Franklin's position towards the defendant in the transaction.

So the evidence of the acts of the plaintiffs tends to show that they sold the goods upon the exclusive credit of Frank-

lin.   Had the sale been made in ignorance that he was build-
ing the house for another person, then their charging the
goods to him, and afterwards pursuing him as debtor, would
not at all conclude them.   When they discovered the owner
of the house, these acts done in ignorance would not pre-
vent their claim against the owner.   But in the progress of
the purchases they learned that he was building the house for
some other person, and yet charged the goods to Franklin,
without even asking the owner's name, and the evidence of
Franklin on this subject tends to show that they did rely
upon his credit solely ; and this view is strengthened by the
circumstance, that when they did know who the owner was,
and were actually seeking to secure themselves, they treated
Franklin, and not the defendant, as their debtor.

And on the question, whether the defendant has in fact
paid Franklin all that he is bound in any event to pay him,
for materials used in the building, the evidence is not all
on one side.   The evidence of Armstrong, in connection with
the account rendered by Franklin to the defendant, purport-
ing to be " an account of labor and materials used in building
the house for the defendant," and the payment of the amount,
or nearly the amount, is some evidence of such payment.
On the other hand, the evidence of Franklin himself repels
any such conclusion, and I feel at liberty to say, that upon
this point the evidence is not very satisfactory, unless the
other conclusion be arrived at, viz., that Franklin must be
regarded rather as a contractor with the defendant, than his
agent.

I have not attempted to recite all the evidence, nor have I
presented the case favorably for the plaintiffs, and for the
reason that the inquiry here, as already suggested, is not
what conclusions of fact the court would form upon the evi-
dence, as it appears upon paper.

The suggestions I have made, however, seem to me to show
that the finding of the referee is based upon conflicting or
doubtful evidence, and that it is not obvious that his finding
was founded in bias, partiality or other undue influence, nor

that it was even probably the result of any mistake in the rules of law, or their application to the case.

Whatever my views respecting the result at which I should have arrived if the evidence had appeared on an actual examination of the witnesses in my presence, as it now appears on paper, and although in some aspects of the case it seems one of great hardship to the plaintiffs, I feel constrained to say, that as the case is now presented under a general finding by the referee, as already recited, the report must, I think, be held conclusive; and if so, the judgment must be affirmed.

Judgment affirmed.